IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herschel Jamal Ham, | Case No.: 4:25-cv-01347-JD |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Thermofisher Scientific, Austin Maintenance and Construction, Inc., Eric Bingaman, and Janet Ayyad Ismail, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 65), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Defendants' motions to dismiss and to compel arbitration of Plaintiff's employment discrimination claims brought under Title VII of the Civil Rights Act of 1964. (DE 1.)[1]

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff Herschel Jamal Ham, proceeding *pro se*, initiated this action using the Court's "Complaint for Employment Discrimination" form, alleging race-based

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

discrimination, harassment, and retaliation in violation of Title VII. (DE 1.) Plaintiff named as Defendants his alleged employers, Thermofisher Scientific and Austin Maintenance and Construction, Inc., as well as two individual defendants, Eric Bingaman and Janet Ayyad Ismail.

All Defendants moved for dismissal. The corporate Defendants sought dismissal and an order compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), relying on an arbitration agreement executed by Plaintiff at the outset of his employment. The individual Defendants sought dismissal on the ground that they are not proper parties to Title VII claims. Plaintiff filed responses opposing arbitration as to the corporate Defendants but expressly requested dismissal of the individual Defendants, acknowledging that they had been misidentified.

**B.     Report and Recommendation**

On December 3, 2025, the Magistrate Judge issued the Report recommending that Defendants' motions to compel arbitration be granted and that the action be dismissed without prejudice. (DE 65.)

Specifically, the Magistrate Judge recommended dismissal of individual Defendants Bingaman and Ismail based on Plaintiff's express consent. As to the corporate Defendants, the Magistrate Judge concluded that Plaintiff entered into a valid and enforceable arbitration agreement with Austin Maintenance and Construction, Inc., the agreement encompassed Plaintiff's Title VII claims, and no basis existed to invalidate the agreement under applicable state or federal law. The Magistrate Judge further concluded that Thermofisher Scientific, although a

nonsignatory, could enforce the arbitration agreement under principles of equitable estoppel because Plaintiff's claims against all Defendants were factually interdependent and alleged collective misconduct.

Because all claims asserted in the Complaint were found to be subject to arbitration, the Magistrate Judge recommended dismissal of the action without prejudice so that the parties may proceed in arbitration.

**C.     Legal Standard**

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a *de novo* review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.    Conclusion**

Since no objections have been filed by the parties, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court finds no clear error and adopts the Report (DE 65) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that Defendants' Motions to Compel Arbitration are GRANTED pursuant to Section 3 of the Federal Arbitration Act. Because all claims asserted in this action are subject to arbitration, and consistent with Fourth Circuit precedent, this action is DISMISSED WITHOUT PREJUDICE so that the parties may proceed to arbitration. Individual Defendants Eric Bingaman and Janet Ayyad Ismail are DISMISSED as parties.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 15, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.